1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  Ajay Krishnamurthy (CABN 305533)
   Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7050
7      FAX: (415) 436-7020
       Ajay.krishnamurthy@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19 MJ 70124-EDL |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| KHUSHVIR SINGH, | |
| Defendant. | |

The parties appeared before the Honorable Elizabeth D. Laporte on January 25, 2019 for an initial appearance following an arrest made pursuant to an arrest warrant issued in the District of Arizona.[1] The defendant was present and represented by Assistant Federal Public Defender Kory Declark. The government was represented by Assistant United States Attorney Erin Cornell. The government moved for detention, submitting that no condition or combination of conditions of release would reasonably assure the appearance of the defendant as required. At the hearing, the Court directed

---

[1] In December 2017, the defendant was charged in the District of Arizona with violating 18 U.S.C. § 924(a)(1)(A) in case number 18-CR00075-01-PHX-DLR. He remains on pretrial supervision in the District of Arizona. On January 11, 2019, Pretrial Services in the District of Arizona filed a petition alleging violations of the conditions of pretrial release; the Honorable Douglas L. Rayes, United States Magistrate Judge, subsequently issued the warrant described above.

Pretrial Services to further investigate the terms of the defendant's pretrial release in the District of Arizona. Pretrial Services thereafter reported that the defendant violated the terms of his supervised release by (1) traveling to India without seeking permission from Pretrial Services; (2) failed to attend mental health counseling as directed by Pretrial Services; and (3) changed his residential address (specifically, the Youth With A Mission Church in Chico, California) without notifying or receiving approval from Pretrial Services.

The parties appeared for a further detention hearing on January 28, 2019 before the Honorable Thomas S. Hixson. At that time, the government moved for detention for a period of 10 days (excluding Saturdays, Sundays, and holidays) pending further proceedings in the District of Arizona, 18 U.S.C. § 3142(d), once again citing the violations described above.

The Court has considered the parties' proffers during the hearing, the report and recommendation from Pretrial Services, the defendant's past conduct and criminal record, the facts of the instant case, and the factors set forth in 18 U.S.C. § 3142(g). For the reasons stated on the record at the hearing, the Court finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance as required. In particular, the Court takes note of the defendant's unauthorized recent trip to India. Accordingly, the defendant must be detained for a period of not more than 10 days (excluding Saturdays, Sundays, and holidays) pending further proceedings, and the attorney for the Government is directed to notify the appropriate court, probation, or parole official—here, the United States District Court for the District of Arizona. 18 U.S.C. § 3142(d). The attorney for the Government is also directed to contact the United States Marshal Service to confirm that the defendant's transport to the District of Arizona will be completed within the 10-day period described above; if the United States Marshal Service cannot guarantee the defendant's transport, the parties shall appear before this Court for a further hearing.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). These finding are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(d) and (i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, detained for a period of not more than 10 days pending further proceedings in this matter, excluding Saturdays, Sundays, and holidays.

2. The attorney for the Government is directed to notify the appropriate court, probation, or parole official—here, the United States District Court for the District of Arizona.

3. The attorney for the Government is directed to contact the United States Marshal Service and confirm that transport to the District of Arizona will be effectuated within 10 days (excluding Saturdays, Sundays, and holidays) of this order. If the United States Marshal Service cannot guarantee the defendant's transport, the parties shall appear before this Court for a further hearing.

4. The defendant be afforded reasonable opportunity for private consultation with counsel; and

5. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 28, 2019

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge